UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES LEE DAVIS,

    Petitioner,

v.                                                           CASE NO:  8:14-cv-2021-T-30EAJ
                                                                Crim. Case No: 8:10-cr-362-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Respondent's Motion to Dismiss as Time-Barred Davis's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (CV Dkt. #5), filed December 22, 2014. Petitioner did not file a response to the motion. Upon review, the Court concludes that Petitioner's claims are time-barred and Respondent's motion to dismiss should be granted.

## BACKGROUND

On August 31, 2010, Petitioner was charged with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (CR Dkt. #10). Pursuant to a negotiated plea agreement, Petitioner pleaded guilty (CR Dkt. #18, #20, and #23). On October 25, 2011, the Court sentenced Petitioner to 200 months in prison followed by 60 months of supervised release (CR Dkt. #43-44). Petitioner did not appeal his judgment and sentence. On August 19, 2014, Petitioner filed the instant motion, raising the following grounds for relief:

1. His sentence was improperly enhanced under the Armed Career Criminal Act ("ACCA") because, under Florida law, he only had one prior conviction for a violent felony offense, as opposed to the three prior convictions required for the ACCA enhancement.

2. His due process rights were violated because his sentencing guidelines were erroneously calculated.

3. His counsel was ineffective for failing to previously raise the issues alleged in Grounds One and Two.

## DISCUSSION

In his motion, Petitioner raises three interrelated claims. First, he contends that his sentence was improperly enhanced under the ACCA. Specifically, he argues that the Court improperly considered his Florida armed robbery convictions as three separate convictions for purposes of the ACCA enhancement because, under Florida law, "convictions and sentences are considered a single offense and consolidated when they are imposed on the same day, by the same judge, using the same score sheet, and made to run concurrently." Accordingly, he posits that his three armed robbery convictions, which were consolidated at the time of adjudication and sentencing, qualify as a single violent felony offense, insufficient to enhance his sentence under the ACCA.

Second, Petitioner alleges that his due process rights were violated because his presentence investigation report, which the Court relied on at sentencing, erroneously calculated the recommended sentence. Petitioner's argument is two-fold: first, he contends that he should not have been assessed points for the ACCA enhancement because, as he laid out in his first ground for relief, he is ineligible for it; second, he asserts that his prior convictions were erroneously used to determine *both* his base offense level *and* his criminal

history category. In his third ground for relief, Petitioner alleges that his counsel was ineffective for failing to preserve the issues highlighted in his first two claims for appellate review and for failing to raise the issues on appeal. Without reaching the merits of Petitioner's claims, the Court concludes that his motion is time-barred and he is not entitled to relief.

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations on claims brought under § 2255. *See Outler v. United States*, 485 F.3d 1273, 1278 (11th Cir. 2007). Typically, federal habeas petitioners have one year from when their conviction becomes final to file their § 2255 claims in federal court. *See* § 2255(f)(1). Petitioner concedes that, under this principle, the instant motion is untimely. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]hen a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires." However, Petitioner argues that § 2255(f)(3) provides him an avenue of relief.[1]

Under section 2255(f)(3), the one-year statute of limitations does not expire until one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner theorizes that, in light of the

---

[1] Petitioner additionally asserts that § 2255(f)(4) applies. This subsection grants petitioners an additional one year to file a § 2255 motion from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." However, Petitioner makes no argument in support of this assertion, and the Court notes that he alleges no new *facts* that give rise to his claim. He simply alleges a change in the *law*. Thus, the Court concludes that statute of limitations in § 2254(f)(4) is inapplicable.

retroactivity of the Supreme Court's decisions in *Johnson v. United States*, 559 U.S. 133 (2010), and *Descamps v. United States*, 133 S. Ct. 2276 (2013), his claims are not time-barred. Petitioner is mistaken.

The rule of law Petitioner believes retroactively applies to his claims is that federal courts must defer to the state courts' determinations respecting the manner in which convictions and sentences are imposed when evaluating whether the defendant's prior convictions qualify as ACCA predicate offenses. Petitioner believes the Court failed to do so when it determined that his "consolidated" Florida armed robbery convictions qualified as three *separate* violent felony offenses, subjecting his sentence to enhancement under the ACCA.

However, even under § 2255(f)(3), Petitioner's claims are untimely. The statute of limitations under § 2255(f)(3) "begins to run on the date which the right asserted was initially recognized by the Supreme Court." *Dodd v. United States*, 365 F.3d 1273, 1279 (11th Cir. 2004). Both of the cases Petitioner leans on were decided more than a year before he filed the instant motion, on August 19, 2014: *Johnson* issued on March 2, 2010—even before Petitioner was sentenced, and *Descamps* issued on June 20, 2013. *See Johnson*, 559 U.S. 133; *Descamps*, 133 S. Ct. 2276. Accordingly, even if Petitioner has legitimate claims under these two cases, the statute of limitations created by § 2255(f)(3) expired before he filed this motion, and Petitioner's claims are time-barred.

In addition to being untimely for purposes of § 2255(f)(3), the claims Petitioner brings do not derive from rights created by the Supreme Court in *Johnson* and *Descamps*. While the *Johnson* court noted that a federal court must defer to state law when determining

whether a defendant's prior convictions qualify as ACCA predicate offenses, it did not create this right. *See Johnson*, 559 U.S. at 138 (citing *Johnson v. Fankell*, 520 U.S. 911, 916 (1997), for the proposition that the Court is bound by the state court's interpretation of state law when determining whether an offense qualifies as a violent felony under the ACCA). Rather, *Johnson* determined, more specifically, that prior state convictions must involve violent force capable of causing physical pain or injury to qualify as ACCA predicate offenses. *See Johnson*, 559 U.S. at 140. Petitioner does not contend that his prior armed robbery convictions did not involve violent force of this nature; therefore, his claims do not arise from the right created by *Johnson*.

Similarly, the holding of *Descamps* is unrelated to the gist of Petitioner's claims. In *Descamps*, the Supreme Court held that when determining whether a defendant's prior convictions qualify as ACCA predicate offenses, if the defendant's prior convictions originate in an "indivisible statute," one not containing alternative elements, "[s]entencing courts may 'look only to the statutory definitions'—i.e. the elements—of a defendant's prior offenses, and "not to the particular facts underlying those convictions." *Id.* (quoting *Taylor v. United States*, 495 U.S. 575 (1990)). *Descamps*, 133 S. Ct. at 2283. Petitioner does not allege that, under *Descamps*, the Court improperly looked beyond the statutory definitions to determine whether his prior convictions qualified as ACCA predicate offenses because he was convicted under an indivisible statute. Petitioner's belief that *Descamps* created a newly recognized right retroactively applicable to his case is unfounded.

Thus, the Court concludes that (1) even *if* Petitioner had a legitimate claim under *Johnson* and *Descamps*, the § 2255(f)(3) statute of limitations expired before he filed this motion, (2) Petitioner has not established that the right he asserts arises from *Johnson* and *Descamps* and is retroactively applicable to his claims, so § 2255(f)(3) is not controlling, and (3) under § 2255(f)(1), the statute of limitations on Petitioner's claims expired one year after his conviction and sentence became final, approximately 19 months before he filed the instant motion.

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1. Respondent's Motion to Dismiss as Time-Barred Davis's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (CV Dkt. #5) is GRANTED.

2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DISMISSED with prejudice as time-barred.

3. The Clerk is directed to enter judgment of dismissal with prejudice for Respondent, United States of America, and close this case.

4. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt. #46, in the underlying criminal case, case number 8:10-cr-362-T-30EAJ.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district

court must first issue a certificate of appealability ("COA").  *Id.*  "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida on this 9th day of February, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-2021 deny 2255.docx